# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH YOUNG, | CASE NO. 16cv3124-WQH-BLM |
| Plaintiff, | ORDER |
| v. | |
| BANORTE; STEWART TITLE; COASTAL DESIGN AND DEVELOPMENT GROUP; RICK STARK; MARISELA SULLIVAN; NADIA HERNANDEZ; ONE ELEVEN; MICHAEL COSKEY; and DOES 1 through 10, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss filed by Defendant Stewart Title of California, Inc., erroneously sued as Stewart Title. (ECF No. 5).

## I. BACKGROUND

On December 30, 2016, Plaintiff initiated this action by filing a Verified Complaint against Defendants Stewart Title, Banorte, Coastal Design and Development Group, Rick Stark, Marisela Sullivan, Nadia Hernandez, One Eleven, Michael Coskey, and doe defendants. (ECF No. 1). The Complaint alleges causes of action for breach of contract, fraud, and negligence. *Id.*

The Complaint alleges that Defendants "conspired to deprive Plaintiff of his Property and of his money . . . . by taking full payment for a condominium, which was supposed to be built in Rosarito, Baja California, Mexico." *Id.* at ¶ 4. The Complaint

1 alleges that "the monies were used to build another building and not the condominium
2 fully paid for by Plaintiff with United States currency in excess of $120,000.00." *Id.*
3 The Complaint alleges that Plaintiff brought this action after his recent discovery that
4 "the condominium was never going to be built and that the money had been taken by
5 defendant STEWART TITLE and given the other defendants." *Id.* at ¶ 5.

On October 26, 2017, Defendant Stewart Title of California, Inc. ("Stewart Title") filed a motion to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6). The hearing date listed on the motion was December 4, 2017. (ECF No. 5).

On November 27, 2017, Defendant filed a notice of lack of response to the motion to dismiss. The notice states, "Notice is hereby given that Plaintiff . . . failed to file an opposition or response to Defendant Stewart Title of California, Inc.'s Notice of Motion and Motion to Dismiss Complaint. Opposition to the motion was required to be served on or before November 20, 2017." (ECF No. 6).

On December 1, 2017, Plaintiff filed an ex parte motion to extend time to file response to motion to dismiss until December 4, 2017. (ECF No. 7). On December 5, 2017, the Court granted the ex parte motion. (ECF No. 8). The docket reflects that Plaintiff did not file a response in opposition.

On December 13, 2017, Defendant filed a second notice of Plaintiff's lack of response to the motion to dismiss. (ECF No. 9).

On December 14, 2017, Plaintiff filed a declaration by Plaintiff's counsel stating "Plaintiff does not oppose the Motion to Dismiss and would instead like to submit the attached First Amended Complaint." (ECF No. 10). Plaintiff attached a copy of a proposed first amended complaint to the declaration. (ECF No. 10-1).

**II. RULING OF THE COURT**

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Civil Local Rule 7.1

provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

The docket reflects that Plaintiff failed to timely file an opposition to the motion to dismiss. Further, the Court concludes that dismissal is appropriate in light of Plaintiff's assertion that he does not oppose the motion to dismiss and instead seeks to file an amended complaint. (ECF No. 10).

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Stewart Title is GRANTED. (ECF No. 5). The Complaint is dismissed as to Defendant Stewart Title without prejudice. Plaintiff may file any motion for leave to file an amended complaint within thirty (30) days of the date this Order is filed.

DATED: December 18, 2017

**WILLIAM Q. HAYES**
United States District Judge